UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20656-CIV-ALTONAGA

PABLO ARIEL HERRERA-ARAUZ,

    Petitioner,
v.

DIRECTOR, U.S. DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

    Respondents.[1]
_____/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Pablo Ariel Herrera-Arauz's Petition for Writ of Habeas Corpus [ECF No. 1], filed on January 30, 2026. Petitioner challenges his detention at the Krome Detention Center ("Krome") in Miami, Florida. (*See generally id.*). Respondent filed a Response [ECF No. 9]. The Court has reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is granted in part.

**I. BACKGROUND**

Petitioner is a citizen of Nicaragua who entered the United States near Roma, Texas on August 7, 2021. (*See* Pet. ¶¶ 1, 7, 16). Thereafter, Petitioner was detained by a Customs and Border Protection ("CBP") officer, who issued an arrest warrant "as authorized by section 236 of the Immigration & Nationality Act [("INA")]." (*Id.* ¶ 17 (emphasis and quotation marks omitted);

---

[1] Petitioner names several Respondents, including the U.S. Attorney General; Secretary of U.S. Department of Homeland Security; Acting Director of U.S. Immigration and Customs Enforcement; and Charles Parra, Director of U.S. Immigration and Customs Enforcement's Miami Field Office. (*See* Pet. 1). According to Respondents, the only proper Respondent is Parra, Petitioner's immediate custodian. (*See* Resp. 1 n.1 (citations omitted)); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (reaffirming that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent"). Petitioner does not contest that assertion. (*See generally* Dkt.). Thus, the Court refers to Parra as the only Respondent.

*see also id.* ¶ 16; *id.*, Ex. 2, Composite Exhibit ("Composite Ex.") [ECF No. 1-2] 9).[2] Petitioner was also issued a Notice to Appear ("NTA"), charging him as "an alien present in the United States who has not been admitted or paroled." (Composite Ex. 2). Petitioner asserts "upon information and belief" — and Respondent does not contest — that he was eventually released on his own recognizance. (*See* Pet. ¶ 19; *see also generally* Resp.). On November 6, 2023, Petitioner filed an Application for Asylum and Withholding of Removal with U.S. Citizenship and Immigration Services ("USCIS") and, in connection with that application, received employment authorization. (*See* Pet. ¶ 20; *see also* Composite Ex. 13, 15).

On November 7, 2025, Petitioner was traveling to his job when ICE re-detained him. (*See* Pet. ¶ 21). On January 26, 2026, an IJ conducted a bond hearing and summarily denied Petitioner bond. (*See id.* ¶ 23; Composite Ex. 17–18). Petitioner remains detained at Krome. (*See* Pet. ¶¶ 2, 24).

On January 30, 2026, Petitioner filed the Petition, asserting two claims for relief. (*See generally* Pet.). In Count I, Petitioner contends that Respondent's application of 8 U.S.C. section 1225(b)(2) to detain Petitioner violates the INA. (*See id.* ¶¶ 44–46). In Count II, Petitioner alleges that his detention without an individualized bond hearing violates his Fifth Amendment due process rights. (*See id.* ¶¶ 47–50).

Respondent submitted an abbreviated Response incorporating by reference arguments raised in the opposition brief in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, No. 25-24535-Civ, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025). (*See* Resp. 4). In *Puga*, the respondents argued that the petitioner had failed to exhaust administrative remedies, and that the petitioner's detention was lawful under 8 U.S.C. section 1225(b)(2)(A). *See Puga v.*

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

*Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-cv-24535, Resp. ("*Puga* Opp'n Br.") [ECF No. 5] 3–15, filed Oct. 7, 2025 (S.D. Fla. 2025).

## II. LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

***Administrative Exhaustion.*** Respondent contends Petitioner has not exhausted all available administrative remedies because he has not appealed his case to the Board of Immigration Appeals ("BIA"). (*See Puga* Opp'n Br. 3). Petitioner notes that the BIA recently decided in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), that noncitizens like Petitioner who have resided in the United States without admission are subject to mandatory detention without bond under 8 U.S.C. section 1225(b)(2). (*See* Pet. ¶ 35).

In *Puga*, the Court held that *Hurtado* renders the outcome of any BIA appeal of the detention of an individual such as Petitioner "nearly a foregone conclusion[,]" and therefore relieves a petitioner of any exhaustion requirements. *Puga*, 2025 WL 2938369, at *2 (alteration added). Respondent supplies no reason to depart from *Puga*'s reasoning (*see generally* Resp.; *see also id.* 4 (acknowledging *Puga* "would control the result here")), and the Court therefore finds that Petitioner is not required to challenge his detention before the BIA.

***INA Claim.*** Petitioner argues that his detention under section 1225(b)(2) is unlawful, as 8

3

U.S.C. section 1226(a) governs his detention. (*See* Pet. ¶¶ 44–46). Respondent maintains Petitioner is subject to mandatory detention under section 1225(b)(2) "because he was present in the United States without being admitted or paroled and not subject to expedited removal proceedings." (Resp. 2 (citations omitted)).

As Respondent recognizes, courts within this District and the undersigned have rejected the arguments Respondent makes here. (*See id.* 2–3 (listing cases)). Respondent does not persuade that the Court's prior conclusion was in error or that the facts of this case merit a different outcome; instead, Respondent submits an abbreviated brief incorporating arguments made in *Puga* "to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter." (*Id.* 1–2). Consequently, as in *Puga*, the Court concludes that section 1226(a) — not section 1225(b) — governs Petitioner's detention. *See Puga*, 2025 WL 2938396, at *4–5.

The critical distinction between sections 1225(b)(2) and 1226(a) is that "noncitizens detained under [section] 1226(a) are entitled to individualized bond hearings[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (alterations added; citations omitted), whereas those detained under section 1225(b)(2) are not, *see id.* at 297; *see also, e.g.*, *Lopez Benitez*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citation omitted); *Patel v. Hardin*, No. 25-cv-870, 2025 WL 3442706, at *2 (M.D. Fla. Dec. 1, 2025). Here, although Petitioner had a bond hearing before an IJ on January 26, 2026 (*see* Pet. ¶ 23), the IJ summarily denied his request for bond without reaching the merits, citing the BIA's decision in *Hurtado* (*see id.*; *see also* Composite Ex. 17). As the Court concluded in *Puga*, because Petitioner is detained under section 1226(a), he is entitled to an individualized bond hearing. *Puga*, 2025 WL 2938369, at *5.[3]

---

[3] The Court declines to reach the merits of Count II, Petitioner's Fifth Amendment due process claim, as the Court grants the relief Petitioner seeks in Count I. (*See* Pet. ¶¶ 47–50); *see, e.g.*, *Puga*, 2025 WL

***Attorney's Fees.*** In his general prayer for relief, Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). (*See* Pet. 13). Under the EAJA, "[a] party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 91 (1991) (alteration added; citing 28 U.S.C. § 2412). The statute extends to prevailing parties in civil actions against "any agency or any official of the United States acting in his or her official capacity[.]" 28 U.S.C. § 2412(a) (alteration added). Habeas corpus petitions are civil actions. *See, e.g.*, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ("Our decisions have consistently recognized that habeas corpus proceedings are civil in nature." (citation omitted)); *see also Ex parte Tom Tong*, 108 U.S. 556, 559 (1883) ("The writ of *habeas corpus* is the remedy which the law gives for the enforcement of the civil right of personal liberty. . . . Proceedings to enforce civil rights are civil proceedings[.]" (alterations added; italics in original)).

To be eligible for fees under the EAJA, "the prevailing party must submit to the court an application for fees and expenses 'within thirty days of final judgment in the action.'" *Melkonyan*, 501 U.S. at 91 (quoting 28 U.S.C. § 2412(d)(1)(B)). As the Court rules in Petitioner's favor, Petitioner may apply within 30 days of final judgment showing he is a prevailing party, the amount sought, and that the position of the United States was not substantially justified. *See Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, No. 05-80339-Civ, 2006 WL 8430907, at *1 (S.D. Fla. May

---

2938396, at *6 (citing *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025)). If Respondent fails to provide Petitioner an individualized bond hearing in compliance with this Order, Petitioner may renew his due process claim. And because Count II is an unripe claim contingent on Petitioner not receiving an individualized custody determination hearing under 8 U.S.C. section 1226(a), "the Court must dismiss it without prejudice[.]" *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (alteration added; citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985))).

5, 2006) (citing 28 U.S.C. § 2412(d)(1)(B)); *see also De La Caridad Brito v. Saul*, No. 19-cv-22911, 2020 WL 7248247, at *1 (S.D. Fla. Nov. 9, 2020) ("An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." (quotation marks and citations omitted)). The Court will terminate such motion should an appeal not have been filed or if an appeal is pending, and reinstate it, if appropriate, after resolution of the appeal.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner, Pablo Ariel Herrera-Arauz's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **GRANTED in part**. Respondent shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) or otherwise release Petitioner.

2. Count II is **DISMISSED without prejudice**.

3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 12th day of February, 2026.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record